**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                           **CRIMINAL ACTION NO. 2:05-CR-07-13**
                                            **3:12-CR-57-2**
                               **(JUDGE GROH)**

**CRYSTAL STARR METZ,**

    Defendant.

## ORDER DENYING MOTION TO REDUCE SENTENCE

On July 17, 2013, Defendant Crystal Starr Metz filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)" [Doc. 446]. In Defendant's motion, she requests that the Court reduce her sentence under the Fair Sentencing Act of 2010 to a "mandatory of 60 months verses the 120 months under the old guidelines." It is unclear whether Defendant is seeking a reduction of her sentence under Criminal Action No. 2:05-CR-07-13, the case number under which she filed her motion, or whether she is seeking a reduction of her sentence under Criminal Action No. 3:12-CR-57-2, the case she discussed in the substance of her motion. Therefore, the Court will address the motion as applied to each criminal action.

First, Defendant received a reduced sentence in Criminal Action No. 2:05-CR-07-13. On November 1, 2011, the Court *sua sponte* reduced Defendant's sentence, pursuant to the Fair Sentencing Act of 2010, to the mandatory minimum of 60 months. Therefore, Defendant was re-sentenced "to a term of 60 months or time served, whichever [was]

greater." [Doc. 358]. Accordingly, Defendant's motion to reduce her sentence pursuant to Criminal Action No. 2:05-CR-07-13 is **MOOT**.

Second, in the substance of Defendant's motion, she discusses her sentence in Criminal Action No. 3:12-CR-57-2. On December 3, 2012, Defendant was sentenced to 120 months of imprisonment. Defendant requests that this Court reduce her sentence pursuant to 18 U.S.C. § 3582(c)(2) and retroactively apply the Fair Sentencing Act of 2010. The Defendant's reliance on the Fair Sentencing Act of 2010 is misguided. Unlike Defendant's sentence in Criminal Action No. 2:05-CR-07-13, where the sentencing range was subsequently lowered by the United States Sentence Commission, in this case Defendant's sentencing range in Criminal Action No. 3:12-CR-57-2 has not been subsequently lowered. Also, Defendant was sentenced above the Sentencing Guideline range pursuant to a binding Plea Agreement to 120 months imprisonment. Thus, the Sentencing Guideline range is inapplicable. Accordingly, Defendant's motion to reduce her sentence pursuant to Criminal Action No. 3:12-CR-57-2 is **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties in Criminal Action No. 2:05-CR-07-13 and Criminal Action No. 3:12-CR-57-2.

**DATED:** July 24, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE