# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

    Plaintiff,

**v.**                              **CRIMINAL ACTION NOS.: 2:05-CR-7-13**
                                        **(GROH)**               **3:12-CR-57-2**

**CRYSTAL STARR METZ,**

    Defendant.

## ORDER DENYING PRO SE MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

Now before the Court is the Defendant's *Pro Se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 468 in Criminal Action No. 2:05-CR-7-13; ECF No. 284 in Criminal Action No. 3:12-CR-57-2], which the Court received on February 29, 2016. In her motion, the Defendant requests that her sentence be reduced in both of the above-styled criminal matters, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines. For the following reasons, the Court **DENIES** the Defendant's motion as to both criminal cases.

As to Criminal Action No. 2:05-CR-7-13, the Defendant is ineligible for a sentence reduction because she has already served her original sentence—the most recent sentence imposed in that case was pursuant to a revocation of the Defendant's term of supervised release. See U.S. Sentencing Guidelines Manual § 1B1.10 cmt. n.7(A) (U.S. Sentencing Comm'n 2015) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize

a reduction in the term of imprisonment imposed upon revocation of supervised release."); see also United States v. Crews, No. 12-7992, 2013 WL 1245403, at *1 (4th Cir. Mar. 28, 2013) (per curiam) (unpublished) ("[B]ecause Crews served his original sentence and is now confined on a sentence imposed on revocation of supervised release, he is not eligible for § 3582(c)(2) relief."). Accordingly, as to Criminal Action No. 2:05-CR-7-13, the Court **ORDERS** that the Defendant's motion [ECF No. 468] is **DENIED**.

The Court has already denied the Defendant a sentence reduction as to the sentence imposed in Criminal Action No. 3:12-CR-57-2. On November 2, 2015, the Court *sua sponte* entered an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 283], in which the Court stated as follows:

> This Court sentenced the Defendant to a 120-month term of imprisonment. This sentence of imprisonment was based on the agreement of the parties, as expressed in the parties' binding plea agreement. Therefore, the Defendant is not entitled to an 18 U.S.C. § 3582(c)(2) sentence reduction. Accordingly, the Court DENIES the Defendant a sentence reduction under 18 U.S.C. § 3582(c)(2).

In the Fourth Circuit, district courts should refrain from reconsidering prior orders denying relief under § 3582(c)(2). See United States v. Goodwyn, 596 F.3d 233, 236 (4th Cir. 2010). As the instant motion is technically the Defendant's first *motion* seeking a reduction under Amendment 782, however, the Court will clarify that it would deny the Defendant's motion regardless of the procedural history of this case. The Court stands by the reasoning contained in its November 2, 2015 order: the Defendant's sentence was not based on a Guidelines sentencing range, but instead was based on the agreement of the parties as reflected in the terms of her binding plea agreement. Therefore, the Defendant is not entitled to a sentence reduction under § 3582(c)(2). See United States v. Brown, 653 F.3d

2

337, 340 (4th Cir. 2011) (citing Freeman v. United States, — U.S. —, 131 S. Ct. 2685, 2695-97 (2011) (Sotomayor, J., concurring)). Accordingly, as to Criminal Action No. 3:12-CR-57-2, the Court **ORDERS** that the Defendant's motion [ECF No. 284] is **DENIED**.

The Defendant has requested that counsel be appointed to represent her in her efforts to obtain a sentence reduction. A criminal defendant does not have a right to appointed counsel when seeking a sentence reduction under § 3582(c)(2). United States v. Legree, 205 F.3d 724, 730 (4th Cir. 2000). Furthermore, upon review of the Defendant's motions and the history of both cases as summarized above, the Defendant is plainly ineligible for a reduction under § 3582(c)(2). Accordingly, the Court **ORDERS** that the Defendant's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 469 in Criminal Action No. 2:05-CR-7-13; ECF No. 285 in Criminal Action No. 3:12-CR-57-2] is **DENIED**.

In summary, the Court **ORDERS** that the Defendant's *Pro Se* Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [ECF No. 468 in Criminal Action No. 2:05-CR-7-13; ECF No. 284 in Criminal Action No. 3:12-CR-57-2] and the Defendant's Motion for Leave to Proceed *In Forma Pauperis* [ECF No. 469 in Criminal Action No. 2:05-CR-7-13; ECF No. 285 in Criminal Action No. 3:12-CR-57-2] are hereby **DENIED**.

The Clerk is **DIRECTED** to transmit copies of this Order to the *pro se* Defendant and all counsel of record in both Criminal Action No. 2:05-CR-7-13 and Criminal Action No. 3:12-CR-57-2.

**DATED:** March 7, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE